(23 Civ. Proc. R. 286.)

### STEWART v. PATON et al.

(Supreme Court, Special Term, New York County. October 17, 1893.)

PARTITION—COST OF ADVERTISING.

Where a referee appointed to sell in a partition suit advertises the property in addition to the mode required by law, the cost of such additional advertisement cannot be allowed out of the whole proceeds of the sale, but is chargeable to the share of the party who authorized it.

Action by Mary Elizabeth Stewart, as executor of David Stewart, against Thomas Paton and others, for partition. The premises were ordered to be sold by a referee, who advertised the sale as required by law, and, in addition thereto, inserted the advertisement in other papers, and posted notices. Plaintiff moves to allow the referee to retain the sum paid by him for extra advertisement out of the proceeds of the sale of the premises. Denied.

James N. Platt, for plaintiff.
Strong & Cadwalader, for defendants.

INGRAHAM, J. I think that the disbursements of the referee that can be allowed to him out of the purchase money must be limited, under section 3297 of the Code, to the disbursements which a sheriff is authorized to retain out of the proceeds of real estate sold by him upon an execution. Whether or not the court would have the power, prior to the sale, to authorize advertisements of the sale, in addition to that specifically required by the Code, is not in question. The advertisement directed by the referee was not ordered by the court, and is not such an advertisement as the sheriff is authorized by the Code to make, where the sale is upon an execution. I do not think, therefore, I have any authority to order this advertisement to be paid out of the share of the parties who did not authorize the advertisements to be made, and who now oppose it. The motion must therefore be denied, and the advertisement must be paid for out of the share of the parties who authorized it. No costs.